H. L. Offield, alias Roy James, v. The State.

No. 1008.    Decided March 1, 1911.

Rehearing Denied March 22, 1911.

**Notice of Appeal—Subsequent Term—Practice on Appeal.**

While judgment and sentence may be entered at a subsequent term, the same cannot be reformed thereat, and the notice of appeal must be entered during the term at which the judgment was entered and sentence pronounced.

Appeal from the District Court of Tarrant. Tried below before the Hon. W. T. Simmons.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lattimore, Cummings, Doyle & Bouldin,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant entered his plea of guilty during the term of the District Court on the 16th of June. On 11th of July motion for a new trial was filed, which does not seem to have been disposed of by the court, but sentence was pro-

nounced on appellant on the 3d of September. Subsequently, on the 28th of September motion to reform and correct the judgment was filed and acted upon by the judge, and the recitations in the judgment were corrected. From this appellant prosecutes his appeal.

When court adjourned on the 3d of September no notice of appeal had been entered of record. A notice of appeal can not be given at a subsequent term of the court, under article 882 of the Code of Criminal Procedure. However, our statute provides that where judgment or sentence has not been entered during the term at which the conviction occurred, a judgment may be entered at the subsequent term and sentence pronounced. This would constitute the final judgment and from this the appellant could appeal, but the statute does not authorize the reforming and correction of the judgment at a subsequent term so as to authorize the prosecution of an appeal. The notice of appeal must be entered during the term at which the judgment was entered and sentence pronounced. In this case notice of appeal was not then given, and it is given too late at a subsequent term.

Because the jurisdiction of this court has not attached the appeal will be dismissed.

*Dismissed.*

### ON REHEARING.

### March 22, 1911.

DAVIDSON, Presiding Judge.—This is a companion case to the case of H. L. Offield, alias Roy James, v. State, No. 1007, this day decided. This record is in exactly the same condition as that in the case above mentioned. For the reasons set out in the opinion in that case, the motion for rehearing in this case is refused.

*Overruled.*